# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DANIEL DAVIS, DONALD GUY, KELSEY MACEY, JOSEPH PORCARO, JUSTIN SALISBURY, RACHEL SELBST, JENNY SINGER, KEVIN TRUJILLO, AND CATHERINE WILSON

individually and on behalf of others similarly situated

Plaintiffs,

v.

VITAMIN COTTAGE NATURAL FOOD MARKETS, INC., d/b/a NATURAL GROCERS, VITAMIN COTTAGE, VITAMIN COTTAGE NATURAL GROCERS

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

DANIEL DAVIS, DONALD GUY, KELSEY MACEY, JOSEPH PORCARO, JUSTIN SALISBURY, RACHEL SELBST, JENNY SINGER, KEVIN TRUJILLO, AND CATHERINE WILSON, individually and on behalf of all others similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. P. 23, by and through their counsel, for their Complaint against Defendant VITAMIN COTTAGE NATURAL FOOD MARKETS, INC., d/b/a NATURAL GROCERS, VITAMIN COTTAGE, VITAMIN COTTAGE NATURAL GROCERS (hereinafter referred to as "Defendant") hereby state and allege as follows:

## PRELIMINARY STATEMENTS

1. Defendant is a Colorado based health food grocery store.

2. Named Plaintiffs initiated the instant action to seek redress for violations by Defendant of the Fair Labor Standards Act (hereinafter referred to as "FLSA") and violations of Colorado law on behalf of themselves and those similarly situated and/or class members.

3. Named Plaintiffs and those similarly situated and/or class members are subject to the same illegal policy and practice of Defendant of failing to pay workers for all time worked and failing to pay overtime wages. 29 U.S.C. § 201 *et. seq.*; C.R.S. § 8-6-101 *et. seq.*

4. Named Plaintiffs and those similarly situated and/or class members are improperly classified as salary employees pursuant to the FLSA and Colorado law.

5. Named Plaintiffs and those similarly situated and/or class members were/are not properly paid for overtime, time and a half, for over forty (40) hours in a workweek pursuant to the FLSA and Colorado law.

6. Named Plaintiffs and those similarly situated and/or class members were/are not properly paid for all work performed for the benefit of the employer, including, but not limited to: travel time, interrupted meal breaks, emails and other work performed for the benefit of Defendant pursuant to Colorado law.

7. This cause of action is brought as a collective action pursuant to FLSA and a class action pursuant to Colorado law to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, compensatory damages, punitive damages, costs and attorneys' fees and pre and post judgment interest associated with the bringing of this action, plus any additional relief that is just and proper.

## JURISDICTION AND VENUE

8. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

10. Jurisdiction over Named Plaintiffs and those similarly situated's FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

12. At all times material herein, Defendant was/is an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. Upon information and belief, the annual gross sales volume of the Defendant was in excess of $500,000 per annum.

14. Named Plaintiffs and those similarly situated and/or class members worked in interstate commerce so as to fall within the protections of the FLSA and/or Colorado law.

15. This Court also has jurisdiction over Named Plaintiffs' and class members' claims for violations of Colorado law pursuant to 28 U.S.C. § 1367 because the State claims are so related to the FLSA claims that they form part of the same case or controversy and arise out of the common nucleus of operative facts.

16. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## COVERAGE PURSUANT TO THE FAIR LABOR STANDARDS ACT

17. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

18. At all times material herein, Named Plaintiffs and those similarly situated were "employees" of Defendant within the meaning of FLSA because they were individuals employed by an employer.

19. At all times material herein, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

20. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.' " *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)).

21. "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961).

22. At all times material herein, Defendant was/is an employer because Defendant had the ability to do the following with respect to Named Plaintiffs and those similarly situated: hire and fire, supervise work schedules and conditions of

employment, determined rates and method of payment, and were obligated under the law to maintain employment records.

23. At all times material herein, Defendant was/is an employer because Defendant held exclusive operational control over Named Plaintiffs and those similarly situated, was/is solely responsible for the day-to-day operations, *and* had/have direct responsibility for the supervision of the Named Plaintiff and those similarly situated.

24. At all times material herein, Defendant employed two (2) or more employees.

25. At all times material herein, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

26. The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1).

27. At all times material herein, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28. Upon information and belief, Defendant's gross annual revenue was in excess of $500,000 per annum during the relevant time periods.

29. At all times material herein, Named Plaintiffs and those similarly situated were "engaged in commerce" and subject to individual coverage of the FLSA.

30. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.

31. At all times material herein, none of the FLSA exemptions apply to Named Plaintiffs and those similarly situated.

32. At all times material herein, Named Plaintiffs and those similarly situated were/are non-exempt employees.

33. At all times material herein, Named Plaintiffs and those similarly situated, were misclassified by Defendant as exempt employees.

34. At all times material herein, Named Plaintiffs and those similarly situated, were not properly paid overtime pursuant to the FLSA.

## PARTIES

35. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

36. At all times material herein, individual Plaintiff Daniel Davis was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80246.

37. At all times material herein, individual Plaintiff Donald Guy was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80225.

38. At all times material herein, individual Plaintiff Kelsey Macey was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80203.  Plaintiff Macey now resides in Tucson, AZ 85719.

39. At all times material herein, individual Plaintiff Joseph Porcaro was an employee of Defendant and resided in the State of Colorado with a residential address in Colorado Springs, CO 80820.

40. At all times material herein, individual Plaintiff Justin Salisbury was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80227.

41. At all times material herein, individual Plaintiff Rachel Selbst was an employee of Defendant and resided in the State of Colorado with a residential address in Colorado Springs, CO 80924.

42. At all times material herein, individual Plaintiff Jenny Singer was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80237.

43. At all times material herein, individual Plaintiff Kevin Trujilo was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80247.

44. At all times material herein, individual Plaintiff Catherine Wilson was an employee of Defendant and resided in the State of Colorado with a residential address in Denver, CO 80246.

45. At all times material herein, Named Plaintiffs and all similarly-situated employees and/or class members were performing their duties for the benefit of and on behalf of Defendant.

46. At all times material herein, Named Plaintiffs and all similarly-situated employees and/or class members were improperly classified as an exempt position.

47. At all times material herein, Named Plaintiffs and all similarly-situated employees and/or class members were not paid any overtime for work performed on behalf of Defendant.

48. Defendant should be in possession of the time entries and wage records for Named Plaintiffs and all similarly-situated employees and/or class members for each and every workweek.

49. Defendant is a Colorado incorporated company organized under the laws of Colorado with a principal street address at 12612 W. Alameda Parkway, Lakewood, CO 80228.

50. Defendant's registered agent is Kemper Isely, 12612 W. Alameda Parkway, Lakewood, CO 80228.

51. Defendant is an employer for the purposes of the FLSA and/or Colorado law, and is the proper Defendant/employer for the Named Plaintiffs and other similarly situated and/or class members.

## **STATEMENT OF FACTS**

52. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

53. At all times material herein, Named Plaintiffs and those similarly situated/ class members worked as New Store Operations Team Members.

54. As New Store Operations Team Members, Named Plaintiffs' and those similarly situated's/class member's primary duties were/was the set-up of isles and product placement in new stores located in Colorado and all across the United States.

55. Defendant had/has control over the location of each isle and product placement in each new store in Colorado and all across the United States.

56. Named Plaintiffs' and those similarly situated/class members were/are required to travel within the State of Colorado and across the United States to set-up isles and place product in new stores pursuant to Defendant's store plan.

57. Defendant tracked Named Plaintiffs' and those similarly situated's/class member's hours worked by having each clock in and clock out when traveling to and from the new store.

58. Named Plaintiffs and those similarly situated/class members were/are required to send emails to Defendant upon arrival at the airport and upon retrieval of their baggage at the airport baggage claim upon return.

59. Named Plaintiffs' and those similarly situated/class members were/are not properly paid for their travel time and interrupted meal breaks.

60. Defendant improperly classified Named Plaintiffs and those similarly situated/class members as exempt employees.

61. Defendant failed to pay Named Plaintiffs and those similarly situated/class members working as New Store Operations Team Members overtime.

62. Defendant failed to pay Named Plaintiffs and those similarly situated/class members working as New Store Operations Team Members for travel time and interrupted meal breaks.

63. Defendant failed to pay Named Plaintiffs and those similarly situated/class members working as New Store Operations Team Members for emails and other work required for the benefit of the employer.

64. Instead, Defendant paid Named Plaintiffs and those similarly situated/class members a salary, non-inclusive of overtime.

65. Named Plaintiffs and those similarly situated/class members did not have the authority to hire or fire employees of Defendant.

66. Named Plaintiffs and those similarly situated/class members did not have the authority to schedule employees of Defendant.

67. Named Plaintiffs and those similarly situated/class members did not have the authority to make discretionary decisions regarding matters of financial significance on behalf of Defendant.

68. Named Plaintiffs and those similarly situated are/were within the meaning of the FLSA and Colorado law, non-exempt hourly employees and have been misclassified by Defendant as exempt employees.

69. Defendant failed to pay Named Plaintiffs and those similarly situated/class members for each hour that they worked in excess of 40 in a workweek pursuant to federal and state law.

## COLLECTIVE ALLEGATIONS

70. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

71. Named Plaintiffs bring their First Claim for Relief, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

72. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

73. Plaintiffs individually and on behalf of other similarly-situated employees (hereinafter also referred to as Opt-in Plaintiffs) seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to pay for all hours worked, including overtime compensation.

74. The number and identity of other Opt-in Plaintiffs will be determined from the records of Defendant, and potential members may easily and quickly be notified of the pendency of this action.

## **CLASS ALLEGATIONS**

75. Named Plaintiffs and those similarly situated incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

76. Named Plaintiffs bring a Colorado Wage Act claim as a class action pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. P. 23, on behalf of themselves and as representatives of the class.

77. The Colorado State law claims, if certified for class-wide treatment, may be pursued by all Plaintiffs who do not opt-out of the class.

78. Named Plaintiffs and class members satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

79. There are questions of fact and law common to the Named Plaintiffs and class members that predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

80. Named Plaintiffs' and class members claims are typical of those of the class in that these individuals have also been employed by Defendant as employees and were subject to the same or similar unlawful policy to not pay all hours worked including overtime pursuant to Colorado law.

81. A class action is the appropriate method for the fair and efficient adjudication of this controversy.

82. Defendant has acted or refused to act on grounds generally applicable to the Named Plaintiffs and class members.

83. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

84. Named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the class members they seek to represent.

85. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who have experience prosecuting complex wage and hour, employment, and/or other complex civil litigation.

86. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy.

87. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action.

88. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class Plaintiffs.

### FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938
### (ALL COLLECTIVE MEMBERS)

89. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

90. At all times material herein, Opt-in Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

91. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendant.

92. Defendant was, and is, subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

93. Defendant violated the FLSA by willfully failing to pay Opt-in Plaintiffs overtime.

94. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.

95. None of the FLSA exemptions apply to Opt-in Plaintiffs.

96. Opt-in Plaintiffs were/are misclassified by Defendant.

97. Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

98. Opt-in Plaintiffs were/are not properly paid for hours worked over forty.

99. Opt-in Plaintiffs are victims of a uniform compensation policy practice, in violation of the FLSA.

100. Opt-in Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

101. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Opt-in Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre and post judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938
### (NAMED PLAINTIFFS)

102. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

103. At all times material herein, Named Plaintiffs, individually, are entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

104. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendant.

105. Defendant was, and is, subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

106. Defendant violated the FLSA by failing to pay Named Plaintiffs for all of their time worked, including overtime.

107. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Named Plaintiffs.

108. Accordingly, Named Plaintiffs must be paid overtime pay in accordance with the FLSA.

109. Named Plaintiffs are a victim of a uniform compensation policy practice, in violation of the FLSA.

110. Named Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

111. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Named Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre and post judgment interest, reasonable attorneys' fees, and costs of this action.

### THIRD CLAIM FOR RELIEF
### Violation of the Colorado Wage and Hour Laws
### (ALL CLASS MEMBERS)

112. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

113. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

114. Defendant is required under Colorado law to pay class members for their time that they worked, for the benefit of Defendant. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

115. Defendant is required under Colorado law to pay class members for their time traveling as well as interrupted meal breaks.

116. Defendant is required under Colorado law to pay class members for their time emailing and performing work-related tasks for the benefit of the employer.

117. Defendant is required under Colorado law to pay class members for overtime work. 7 COLO. CODE REGS. § 1103-1:4.

118. Because Defendant has not paid Colorado class members for all hours worked, including overtime wages, class members are entitled to damages pursuant to Colorado law.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Colorado Wage and Hour Laws**
**(NAMED PLAINTIFFS/CLASS REPRESENTATIVES)**

119. Named Plaintiffs incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

120. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

121. Defendant is required under Colorado law to pay Named Plaintiffs for the time that they worked, for the benefit of Defendant. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

122. Defendant is required under Colorado law to pay Named Plaintiffs for their time traveling as well as interrupted meal breaks.

123. Defendant is required under Colorado law to pay Named Plaintiffs for their time emailing and performing work-related tasks for the benefit of the employer.

124. Because Defendant has not paid Named Plaintiffs for all hours worked, including overtime wages, Plaintiffs have been individually damaged in an amount to be determined damages pursuant to Colorado law.

**WHEREFORE**, Named Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA and as a class pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. P. 23 demand judgment against Defendant, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief requested herein and available pursuant to federal and state law.

## JURY DEMAND

Named Plaintiffs and Opt-in Plaintiffs pursuant to the FLSA and/or class members pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. P. 23 requests a trial by jury on all issues so triable.

DATED this May 30, 2017.

Respectfully submitted,

*/s/ Colleen T. Calandra*
Colleen T. Calandra, Esq. (# 41788)
Jessica L. Derakhshanian, Esq. (#46288)
Ramos Law, LLC
3000 Youngfield Street
Wheat Ridge, CO 80215
Phone Number: (303) 733-6353
Fax Number: (303) 865-5666
colleen@ramoslaw.com
*Attorney for Named Plaintiffs and/or Opt-In Plaintiffs/Class Members*