**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01301-CMA-MEH

DANIEL DAVIS,
DONALD GUY,
KELSEY MACEY,
JOSEPH PORCARO,
JUSTIN SALISBURY,
RACHEL SELBST,
JENNY SINGER,
KEVIN TRUJILLO, and
CATHERINE WILSON,

individually and on behalf of others
similarly situated,

    Plaintiffs,

vs.

VITAMIN COTTAGE NATURAL FOOD MARKETS, INC., d/b/a NATURAL GROCERS, VITAMIN COTTAGE, VITAMIN COTTAGE NATURAL GROCERS,

    Defendant.

### JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiffs, by and through their counsel, and Defendant Vitamin Cottage Natural Food Markets, Inc., d/b/a Natural Grocers, Vitamin Cottage, Vitamin Cottage Natural Grocers ("Natural Grocers"), by and through its counsel, request that the Court approve the settlement reached by the parties at the Settlement Conference mediated by Magistrate Judge Hegarty on May 14, 2018. In further support of this Joint Motion, the parties state:

1. Nine Plaintiffs initiated this lawsuit on May 30, 2017. Dkt. 1. Plaintiffs allege that they and other current and former New Store Operations Team members were improperly denied overtime wages under the Federal Fair Labor Standards Act ("FLSA") and Colorado's wage and hour law. Dkt. 1, at 9-12. They moved for, and the Court granted, conditional certification. Dkt. 18, 34. Only two individuals—Matt Charley and Michelle Heer—opted in to the case. Dkt. 35, 36.

2. On May 14, 2018, the parties agreed upon terms to settle this case in a settlement conference with Magistrate Judge Hegarty. Dkt. 48. The settlement affects only the individuals who affirmatively opted into the case and who have retained class counsel.

3. For the reasons set forth below, the settlement reached in this case should be approved, assuming court approval is required. *Manohar v. Sugar Food LLC,* 2017 WL 3173451, *2 and n.1 (D. Colo. July 26, 2017) (recognizing disagreement, in this District and other jurisdictions, as to whether FLSA settlement requires court approval, "absent any special circumstances") (*citing Ruiz v. Act Fast Delivery of Colorado,* Civil No. 14-cv-00870-MSK-NYW, ECF 132 (D. Colo. Jan. 9, 2017)).

4. To approve the settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. See *Chavez v. Excel Services Southeast, Inc.*, 2015 WL 4512276, *3 (D. Colo. July 27, 2015) (Arguello, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

5. As to the first factor—the existence of a bona fide dispute—there are legitimate questions in this case as to the threshold question of whether Plaintiffs were appropriately classified as exempt from overtime under state and federal law. Plaintiffs claim they were

improperly classified as exempt, whereas Natural Grocers contends they were classified correctly under multiple "white collar" exemptions under the FLSA.

6. In addition, the parties genuinely dispute how overtime, if any, should have been computed. Plaintiffs asserted that they were entitled to time and a half for any time worked in excess of forty hours in a week. Natural Grocers, on the other hand, asserted that, if Plaintiffs were entitled to overtime, it would be limited to half of their regular hourly rate. 29 C.F.R. § 778.114; *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008). As part of the settlement, neither side conceded its or his/her position, nor did any party admit any fault or wrongdoing.

7. As to the second factor—whether the settlement is fair and equitable—the parties submit that the Magistrate Judge would not have negotiated and approved the settlement terms unless they were fair and equitable. In addition, the settlement was the "product of fair, honest, and arm's-length negotiations by experienced counsel." *Chavez*, 2015 WL 4512276, at *4. Before the settlement conference, the parties had exchanged written discovery and documents, including voluminous payroll records.

8. Lastly, as to the third factor—the reasonableness of the attorneys' fee award—Plaintiffs' counsel demonstrated to the Magistrate Judge that her hourly rate and fee award was reasonable, especially given her experience handling wage and hour cases.

WHEREFORE, pursuant to a settlement reached during a settlement conference with Magistrate Judge Hegarty on May 14, 2018, the parties respectfully request that the Court enter an Order dismissing this case with prejudice, with each side to bear its, his, or her own costs and fees except as otherwise expressly set forth in the parties' settlement agreement.

Dated: June 12, 2018.

s/*Colleen T. Calandra*
Colleen T. Calandra, Esq.
RAMOS LAW, LLC
3000 Youngfield Street
Wheat Ridge, CO  80215
Telephone: (303) 733-6353
Email: colleen@ramoslaw.com

*Attorneys for Plaintiff*

s/*Mark Wiletsky*
Mark Wiletsky
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Phone:  (303) 473-2864
Fax:  (303) 975-5292
mbwiletsky@hollandhart.com

*Attorneys For Defendant*

4