IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01301-CMA-MEH

DANIEL DAVIS,
DONALD GUY,
KELSEY MACEY,
JOSEPH PORCARO,
JUSTIN SALISBURY,
RACHEL SELBST,
JENNY SINGER,
KEVIN TRUJILLO, and
CATHERINE WILSON,

    Plaintiffs,

v.

VITAMIN COTTAGE NATURAL FOOD MARKETS, INC.,

    Defendant.

---

**ORDER ON JOINT MOTION FOR APPROVAL**

---

The parties seek approval of their FLSA settlement, which was reached during a settlement conference with me on May 14, 2018. (ECF No. 49). The Honorable Christine M. Arguello referred this matter to me for resolution. (ECF Nos. 47, 50). Having spent multiple hours preparing for the settlement conference and five hours negotiating the terms of the proposed agreement, I find the terms fair and equitable. Accordingly, I grant the joint motion, and I recommend that this case be dismissed with prejudice.

"To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Baker v. Vail Resorts Mgmt. Co.*, No. 13–cv–01649–PAB–CBS, 2014 WL 700096, *1 (D. Colo. Feb. 24, 2014) (citing

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). First, this case unquestionably involves a bona fide dispute, as the parties disagree as to whether Defendant appropriately classified Plaintiffs as exempt from overtime under state and federal law.

Second, the terms I negotiated at the May 14, 2018 settlement conference are fair and equitable to all parties. Before the conference began, I spent multiple hours reviewing the parties' detailed written statements. The parties explained the background of the case and the legal arguments in support of their positions. Moreover, Plaintiffs provided tables explaining their calculated and projected damages going back two and three years. Through reading these materials and researching relevant legal authority, I developed an understanding of what would constitute a fair and equitable settlement. Then, I spent five hours in person with the parties learning more about the Defendant's business and the Plaintiffs' positions. Through this process, I became intimately familiar with this case and the terms of the eventual agreement. I am confident that these terms are an optimal resolution to this dispute for all parties. Indeed, at the end of the settlement conference, all parties were pleased with the negotiated agreement. Third, Plaintiffs' counsel demonstrated at the settlement conference that their hourly rate and fee award are reasonable in light of their experience in similar disputes.

Accordingly, the Joint Motion to Approve Settlement and Dismiss Case with Prejudice [filed June 12, 2018; ECF No. 49] is **granted**. The agreement reached at the May 14, 2018 settlement conference is approved, and I recommend that this case be dismissed with prejudice.

Dated at Denver, Colorado this 22nd day of June, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge